**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-03889-DDD-SBP

GARY PETERSON, Derivatively on behalf of VAIL RESORTS, INC.,

Plaintiff,

v.

ROBERT A. KATZ,
D. BRUCE SEWELL,
HILARY A. SCHNEIDER,
PETER A. VAUGHN,
SUSAN L. DECKER,
MICHELE ROMANOW,
NADIA RAWLINSON,
IRIS KNOBLOCH, and
REGINALD CHAMBERS,

Defendants,

and

VAIL RESORTS, INC., a Delaware Corporation,

Nominal Defendant.

---

[Caption continued on next page]

Civil Action No. 1:26-cv-04956-PAB-KAS

THOMAS STEWART, Derivatively on Behalf of VAIL RESORTS, INC.,

Plaintiff,

v.

ROBERT A. KATZ,
REGINALD CHAMBERS,
SUSAN L. DECKER,
IRIS KNOBLOCH,
NADIA RAWLINSON,
MICHELE ROMANOW,
HILARY A. SCHNEIDER,
D. BRUCE SEWELL, and
PETER A. VAUGHN,

Defendants,

and

VAIL RESORTS, INC.,

Nominal Defendant.

---

**PLAINTIFFS' UNOPPOSED MOTION FOR CONSOLIDATION AND APPOINTMENT OF CO-LEAD COUNSEL**

---

Plaintiff Gary Peterson (in Case No. 1:26-cv-03889-DDD-SBP, Aug. 24, 2026 ("*Peterson* Action")) and Plaintiff Thomas Stewart (in Case No. 1:26-cv-04956-PAB-KAS, Oct. 5, 2026 ("*Stewart* Action")) (collectively, "Plaintiffs"), parties in the above-captioned shareholder derivative actions (collectively, the "Actions"), by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, hereby move for an Order consolidating the Actions and establishing a leadership structure for the prosecution of the resulting consolidated action (the "Consolidated Action"). Specifically, Plaintiffs respectfully request: (1) the

consolidation pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1 in this Court of the *Peterson* and *Stewart* Actions; and (2) the appointment of Robbins LLP ("Robbins") and Shuman Glenn and Stecker ("SGS") as co-lead counsel for the Consolidated Action ("Co-Lead Counsel").

## D.C.COLO.LCivR 7.1(a) CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiffs' counsel has conferred in good faith with counsel for all defendants regarding the relief sought in this motion. Defendants do not oppose consolidation, without prejudice and without waiver of any of the Defendants' rights, defenses, objections, or arguments, including as to jurisdiction and venue, and take no position with respect to the appointment of Co-Lead Counsel for the plaintiffs.

## INTRODUCTION

On August 24, 2026, Vail shareholder Gary Peterson commenced a shareholder derivative action on behalf of Vail by filing his Verified Stockholder Derivative Complaint for Violation of Securities Law, Breach of Fiduciary Duty, and Unjust Enrichment (the "Peterson Complaint"), alleging that the individual defendants, who are certain officers and/or directors of nominal defendant Vail, are liable for breaches of fiduciary duty, unjust enrichment, and violations of section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") in connection with alleged misleading representations and other alleged misconduct which has exposed Vail to significant potential liability for violations of federal and state antitrust laws.

On October 5, 2026, another Vail shareholder, Thomas Stewart, commenced a second derivative action on behalf of Vail by filing his own Verified Shareholder Derivative Complaint

in this Court (the "Stewart Complaint"), advancing factual allegations and claims for relief that substantially overlap with the factual allegations and claims for relief in the Peterson Complaint.

The Actions should be consolidated in the interests of judicial economy and the efficient resolution of the claims that are the gravamen of both Plaintiffs' complaints, and Defendants do not oppose consolidation. Plaintiffs also agree to a structure for prosecution of the Consolidated Action, subject to Court approval: Robbins and SGS will serve as Co-Lead Counsel. Plaintiffs further agree that the *Peterson* Action should be designated the lead case, the Peterson Complaint should serve as the operative complaint, and that the Consolidated Action should be titled *In re Vail Resorts, Inc. Shareholder Derivative Litigation*.

For the reasons explained below, Plaintiffs respectfully request that the Court grant the Proposed Order filed herewith consolidating the Actions and appointing Robbins and SGS as Co-Lead Counsel.

## ARGUMENT

### I. The *Peterson* and *Stewart* Actions Should Be Consolidated

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiffs seek to consolidate the two related derivative actions brought on behalf of Vail in this Court:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Gary Peterson v. Robert A. Katz, et al.* | 1:26-cv-03889 | August 24, 2026 |
| *Thomas Stewart v. Robert A. Katz, et al.* | 1:26-cv-04956 | October 5, 2026 |

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate

the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Consolidation pursuant to Rule 42(a) is appropriate when actions involve common questions of law and fact, and consolidation would avoid unnecessary costs or delay. *See*, *e.g.*, *Richey v. Ells*, No. 12-cv-01831-WJM-MEH, 2013 WL 179234, at *1 (D. Colo. Jan. 17, 2013) (finding consolidation appropriate where the "actions . . . involve common questions of law or fact, including common parties and common claims"); *Mishkin v. Zynex, Inc.*, No. 09-cv-00780-REB-KLM, 2010 WL 749864, at *1 (D. Colo. Mar. 3, 2010) (granting consolidation where "[c]ommon questions of law and fact are predominant"). As the U.S. Court of Appeals for the Tenth Circuit has recognized, "[c]onsolidation of cases is permitted as a matter of convenience and economy. . ." *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Here, consolidation is appropriate because the Actions involve substantially similar issues and relate to the same series of events. Both Actions assert claims under Delaware law for breach of fiduciary duty and unjust enrichment on behalf of Vail and against certain of its officers and directors, as well as Exchange Act claims, in connection with allegedly misleading representations to the public and alleged violations of federal and state antitrust laws. *Compare* Peterson Complaint, ECF No. 1, ¶¶ 1-9 with Stewart Complaint, No. 1:26-cv-04956, ECF No. 1, ¶¶ 1-15.

Moreover, the Peterson and Stewart Complaints name an identical list of individual defendants: Robert A. Katz, D. Bruce Sewell, Hilary A. Schneider, Peter A. Vaughn, Susan L. Decker, Michele Romanow, Nadia Rawlinson, Iris Knobloch, and Reginald Chambers. These factors strongly support consolidation. *See*, *e.g.*, *Kayten ex rel. Molycorp, Inc. v. Bhappu*, No. 13-CV-3155-WJM-CBS, 2013 WL 6499057, at *1 (D. Colo. Dec. 11, 2013) (consolidating derivative actions because "[t]he Defendants are nearly identical in all three cases," "most of the predicate

facts are the same for each of the cases," and "consolidation of shareholder derivative cases such as this is common where there are overlapping claims and defendants.").

Consolidation of the Actions is further warranted because it will promote judicial economy and the efficient resolution of these related matters. For example, the Peterson and Stewart Complaints may be subject to the same motion practice, including motions to dismiss related to the same issues. Consolidating these substantially similar Actions for all purposes will increase judicial efficiency, eliminate duplicative work by the parties, and eliminate the risk of inconsistent adjudication, without posing any threat to the convenience or fairness for any party.

## II. The Court Should Appoint Robbins and SGS as Co-Lead Counsel

### A. It Is Appropriate for the Court to Appoint a Leadership Structure for Plaintiffs in the Consolidated Action

It is well established that the Court may appoint a leadership structure of plaintiffs' counsel to coordinate the prosecution of complex litigation. *See*, *e.g.*, *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774–75 (9th Cir. 1977). As stated by one court, the utility in appointing lead counsel in complex actions such as this one is well recognized:

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.,* elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958); *see also Vincent*, 557 F.2d at 774. Similarly, the Manual for Complex Litigation, Fourth ("MCL 4th") recognizes the benefits of promptly appointing a leadership structure of plaintiffs' counsel in complex multi-party litigation. *See* MCL 4th § 10.22.

### B. Robbins and SGS Should Be Appointed Co-Lead Counsel

If the derivative Actions are consolidated, the appointment of Co-Lead Counsel will promote the efficient and orderly prosecution of the derivative claims asserted in the Actions. Robbins and SGS are highly experienced in the field of shareholder litigation and have successfully litigated numerous shareholder derivative actions and securities class actions. The firm resumes of Robbins and SGS, Exhibits A and B, submitted herewith, reflect the firms' credentials and significant experience in this regard. Not only do the firms have substantial experience individually, but Robbins and SGS have jointly prosecuted cases together in which they efficiently and productively collaborated to achieve great successes.

Robbins has a strong track record of achieving excellent results in shareholder derivative litigation throughout the country on behalf of corporations and their shareholders. *See* Exhibit A. Likewise, SGS has been appointed lead or co-lead counsel in derivative actions in this judicial district and nationwide and, as detailed in Exhibit B, have produced exceptional results for corporations and their shareholders. Moreover, both Robbins and SGS employ attorneys admitted to this Court, and SGS maintains an office in this District. In sum, the experience and prior success of Robbins and SGS unquestionably demonstrate the competence of the firms to lead this litigation.

Proposed Co-Lead Counsel shall represent plaintiffs in the prosecution of the Consolidated Action, determine and present to the Court and opposing parties the position of plaintiffs on all matters arising during pretrial negotiations, delegate and monitor the work performed by plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of the plaintiffs the initiation and conduct of discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to

the proper coordination of plaintiffs' pretrial activities or as authorized by further Order of the Court. Defendants' counsel may rely on all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action. Proposed Co-Lead Counsel believe that they will be able to work effectively together and that their combined efforts will be in the best interest of Vail and its shareholders.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request the Court grant this unopposed motion and: (1) consolidate the *Peterson* and *Stewart* Actions; and (2) appoint Robbins and SGS as Co-Lead Counsel in the Consolidated Action.

Dated: October 22, 2026


**ROBBINS LLP**

*s/ Stephen J. Oddo*
Stephen J. Oddo
Brian J. Robbins
Michael J. Nicoud
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
soddo@robbinsllp.com
brobbins@robbinsllp.com
mnicoud@robbinsllp.com

**JOHNSON FISTEL, PLLP**
Jeffrey A. Berens
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: (303) 861-1764
jeffb@johnsonfistel.com

**JOHNSON FISTEL, PLLP**
Michael I. Fistel, Jr.
40 Powder Springs Street

Marietta, GA 30064
Telephone: (470) 632-6000
michaelf@johnsonfistel.com

*Counsel for Plaintiff Gary Peterson*

**SHUMAN, GLENN & STECKER**
*s/ Kip B. Shuman*
Kip B. Shuman
100 Pine Street, Suite 1250
San Francisco, CA 94101
Telephone: (303) 861-3003
kip@shumanlawfirm.com

**SHUMAN, GLENN & STECKER**
Brett D. Stecker
300 Countryview Drive
Bryn Mawr, PA 19010
(303) 861-3003
brett@shumanlawfirm.com

*Counsel for Plaintiff Thomas Stewart*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the type-volume limitations set forth in DDD Civ. P.S. III(A)(1).

*s/ Stephen J. Oddo*
STEPHEN J. ODDO

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered participants.

*s/ Stephen J. Oddo*